UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHG-MERIDIAN USA CORP.
21800 OXNARD STREET
SUITE 410
WOODLAND HILLS, CA 91367,

      Plaintiff,

v.

MARCUS THEATRES CORPORATION
100 EAST WISCONSIN AVENUE
SUITE 1900
MILWAUKEE, WI 53202,

      Defendant.

Case No. 2:24-cv-00026-JPS

# AMENDED COMPLAINT

Plaintiff CHG-MERIDIAN USA Corp. ("CHG"), by its attorneys QUARLES & BRADY LLP, files this amended complaint as against defendant Marcus Theatres Corporation ("Marcus") and alleges as follows:

## PARTIES

1. CHG at all times herein mentioned was and is a corporation organized and existing under the laws of the State of California with its principal place of business in Woodland Hills, California. CHG is duly authorized to do business in all 50 states, including in Milwaukee, Wisconsin.

2. Marcus Theatres Corporation ("Marcus") is a business corporation incorporated in Wisconsin since 1972. Marcus has had a principal place of business at 100 East Wisconsin Avenue, Suite 1900, Milwaukee, WI 53202, and, at all times material, has a registered agent, Mr. David Metz, at the same address.

## JURISDICTION AND VENUE

3. The Court has diversity jurisdiction because complete diversity of citizenship exists between CHG and Marcus, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2), and the Court has personal jurisdiction over Marcus pursuant to Wis. Stat. § 801.05(1)(c), (3), and (5).

## BACKGROUND FACTS

5. CHG entered into a Master Equipment Lease ("Lease") with CDF2 Holdings, LLC, a Delaware limited liability company ("CDF2") for certain movie projectors and other equipment (collectively "Equipment").

6. Thereafter, Marcus and CDF2 entered into a Master License Agreement, dated July 5, 2011, ("License"), pursuant to which Marcus licensed the Equipment for its use as set forth in Schedule A to the License.

7. Schedule A to the License lists all equipment subject to this replevin action. ("Equipment").

8. Under the Lease Acknowledgement Agreement, dated as of July 5, 2011, (which was Exhibit L to the License), by and among CHG (lessor), CDF2 (lessee and licensor), Marcus (licensee), and Societe Generale, New York Branch (lender), (the "Lease Acknowledgment") Marcus acknowledged and agreed, among other things, that the Equipment is owned by CHG and is leased to CDF2 and Marcus's use of the Equipment under the terms and conditions of the Lease is subject and subordinate to the terms and conditions of the Lease and all rights of CHG thereunder.

9. Under the Lease, License, and Lease Acknowledgment, CHG is the owner of and holds title to the Equipment.

10. If the Lease is determined to be a lease intended as security, CDF2 granted to CHG a security interest in the Equipment pursuant to the assurances set forth in the Lease Acknowledgement Agreement.

11. CHG perfected its security interest in the Equipment by filing with the Wisconsin Department of Financial Institutions a UCC Financing Statement, Filing Number 20230210000593-5 (the "UCC Financing Statement"). A true and correct copy of the UCC Financing Statement is attached hereto as **Exhibit A**. On or about January 8, 2024, CHG filed an Amendment to the UCC Financing Statement ("Amendment") which identifies the Equipment with particularity, attached hereto as **Exhibit B**.

12. Should Marcus fail to meet the terms of the Lease, Marcus acknowledged CHG's rights and remedies under the Lease Acknowledgement Agreement.

13. Among other obligations, Marcus acknowledged CHG's ability to exercise its rights to the Equipment as the Equipment Lessor (collectively "Step-in Rights").

14. Further, the License required certain minimum booking commitments by Marcus and deadlines for payments.

15. The parties agreed that Marcus' failure to pay the minimum booking commitment constitutes an Event of Default under the License. Upon the occurrence and continuance of an Event of Default, the License provides CHG with rights and enables CHG to seek remedies expressly provided therein.

16. Those remedies include CHG's right to repossess the Equipment and right to demand the overdue payment in full.

17. Beginning around March 2020 and continuing thereafter, Marcus failed to make the minimum booking commitment payments on the Equipment due and owing to CHG as required by the Lease, License, and Lease Acknowledgement.

18. This failure to pay constitutes a material breach of the Lease, License, and Lease Acknowledgement.

19. This breach has caused damage to CHG.

20. CHG provided Marcus with a written notice of default and right to cure on August 25, 2022 ("Notice").

21. To date, Marcus has failed to cure its default.

22. Marcus remains in wrongful possession of the Equipment, contrary to CHG's Step-in rights as set forth in the Lease Acknowledgement based upon Marcus' default.

23. The License calls for Marcus to pay any and all of CHG's attorneys' fees incurred in litigating this matter.

## COUNT I - BREACH OF CONTRACT

24. CHG incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. Pursuant to the express terms of the Lease, License, and Lease Acknowledgement, Marcus is commercially obligated to pay the amounts due and owing under the License.

26. Marcus has defaulted on its obligations by failing to remit payment for the minimum booking commitment.

27. CHG has abided by all its obligations under the Lease, License, and Lease Acknowledgement.

28. As a result of Marcus' breaches by failing to pay the amount due under the Lease, License, and Lease Acknowledgement when due, CHG has suffered damages of $6,634,343.00,

as well as unpaid interest, costs and fees, including attorneys' fees due and owing under the Lease, License, and Lease Acknowledgement.

29. As of August, 2023, CHG is owed by Marcus not less than $6,634,343.00 in outstanding principal as damages due under the Lease, License, and Lease Acknowledgement, plus all additional accrued and unpaid interest, attorneys' fees and costs due and owing under the Master Lease Agreement, License, and Lease Acknowledgement.

## COUNT II -REPLEVIN

30. CHG incorporates paragraphs 1 through 29 above as if fully set forth herein.

31. As a result of Marcus' default under the Lease, License, and Lease Acknowledgement, CHG is entitled to take possession of the Equipment, more particularly the Equipment described in **Exhibit B**.

32. Marcus is wrongly detaining the Equipment despite CHG's request for its return.

33. The cause of the detention is unknown to CHG at the present time.

34. Upon information and belief, the Equipment has not been taken for a tax, assessment or fine or seized under any execution or attachment against Marcus's property, or if so seized, it is exempt from the seizure.

35. The approximate current value of the Equipment is $2,160,300.00.

36. The location of the Equipment is identified in **Exhibit B**.

## COUNT III -UNJUST ENRICHMENT

37. CHG incorporates paragraphs 1 through 36 above as if fully set forth herein.

38. In the alternative, if Marcus has no obligations under the License, Marcus has knowingly received value - the projectors without full payment of the minimum booking commitment - to which Marcus was not entitled.

39. Further, such an outcome deprives CHG of its rights rendering it unjust and inequitable for Marcus to retain the benefit.

40. Marcus has wrongfully retained possession of the Equipment and is unjustly enriched by doing so.

41. Marcus's unjust enrichment has caused monetary damage to CHG in an amount to be determined by the Court, plus attorneys' fees and costs.

**WHEREFORE**, CHG respectfully requests and order from this Court:

    A.    On Count I (Breach of Contract):

        1.    Judgment in favor of CHG and against Marcus in the amount of $6,634,343.00 in outstanding principal as of August 2023 due under the Lease, License, and Lease Acknowledgment; and

        2.    All additional accrued and unpaid interest, costs and fees, including attorneys' fees, due and owing under the Lease, License, and Lease Acknowledgement.

    B.    Count II (Replevin):

        1.    For replevin of the Equipment or for a sum equal to the value of the Equipment, no less than $2,160,300.00 in case delivery cannot be had;

        2.    For CHG's costs and expenses in this action, the costs and expenses associated with the retrieval and return of the Equipment;

        3.    Costs and fees, including reasonable attorneys' fees due and owing under the Lease, License, and Lease Acknowledgment; and

4. All additional accrued and unpaid interest, costs and fees, including attorneys' fees, due and owing under the Lease, License, and Lease Acknowledgment.

C. Count III (Unjust Enrichment):

1. Judgment in an amount to be determined by the trier of fact due to Marcus' wrongful retention of the Equipment; and

2. For CHG's cost and expenses in this action, the costs and expenses associated with the retrieval and return of the Equipment.

D. For all other relief as the Court may deem fair and equitable.

Dated this 27th day of March 2024.

        QUARLES & BRADY LLP

        */s/ Brittany S. Ogden*
        Brittany S. Ogden
        State Bar No. 1035853
        33 East Main Street, Suite 900
        Madison, WI 53703
        Telephone: (608) 251-5000
        Facsimile: (608) 251-9166
        Email: Brittany.Ogden@quarles.com

        Nathan J. Oesch
        State Bar No. 1101380
        411 East Wisconsin Avenue, Suite 2400
        Milwaukee, WI 53202-4497
        Telephone: (414) 277-5120
        Email: Nathan.Oesch@quarles.com

        *Attorneys for Plaintiff*
        *CHG-Meridian USA Corp.*